## Stefanko et al. v. Reed et ux.

*Guy Thorne*, for plaintiffs.

*Roger B. Johnson*, for defendants.

ROWLEY, P. J., September 10, 1953.—This matter is before the court upon a case stated. The material facts are stated thus:

"1. On January 31, 1953, the parties entered into the attached article (for the sale of land by plaintiffs to defendants), which is made part of this agreed statement of facts.

"2. On April 15, 1953, the article of agreement was consummated by delivery of deeds for the subject premises, the purchasers deducting the amount of the Pennsylvania realty transfer tax from the amount of consideration passing to the purchaser, the parties reserving the question to be determined by the court, as to whether the grantors or grantees, respectively,

should bear the expense or any part of the expense of the Pennsylvania realty transfer tax.

"3. The amount of said tax is $226.00. There was no other agreement, oral or written, concerning who should pay the realty transfer tax required by Pennsylvania law.

"If the court be of the opinion that plaintiffs, the sellers, in these circumstances, were legally required to pay the entire State tax, then judgment should be entered for defendants. If the court shall be of the opinion that plaintiffs . . . were legally required to pay one half of said tax, then judgment shall be entered in favor of plaintiffs and against defendants in the amount of $113.00 with costs. If the court be of the opinion that defendants . . . were legally required to pay the entire tax, then judgment shall be entered in favor of plaintiffs for the sum of $226.00 with costs."

The Realty Transfer Tax Act became effective February 1, 1952. That act imposed a tax of one per cent upon the value of real estate conveyed. The act does not specify whether the grantor or grantee is primarily liable to pay the tax. Section 3 states:

"Every person who makes, executes, issues, delivers or accepts any document, or in whose behalf any document is made, executed, issued, delivered or accepted, shall be subject to pay . . . a State tax at the rate of one (1) per centum of the value of the property represented by such document . . .".

Since there is a party who delivers and another who accepts every conveyance, and since there is only one tax on the conveyance, no other conclusion can be reached than that the two parties will have to handle the matter by agreement. So far as the Commonwealth is concerned, both are liable and it can pursue either.

The written agreement of the instant parties pro-

vides that plaintiffs shall sell and convey the premises to defendants, "for the sum of twenty-two thousand six hundred ($22,600.00) dollars to be paid as follows: $2,260.00 paid in cash, the receipt of which is hereby acknowledged, and the balance $20,340.00 to be paid in 90 days, at which time deed is to be delivered".

The agreement further provides:

"And upon payment of the said sum, the said parties of the first part (plaintiffs) will, at their own cost and expense make, execute and deliver to the said party of the second part, a good and sufficient Deed for the proper conveying and assuring of the said premises in fee simple, free from all incumbrance and dower, or right of dower, such conveyance to contain the usual covenants of general warranty."

Failure to affix to the deed stamps evidencing payment of the tax, renders such deed unusable as the basis of any action or legal proceeding, excludes it as evidence in any court of this Commonwealth, and prevents its being recorded: Act of December 27, 1951, P. L. 1742, sec. 7, 72 PS §3289.

It seems clear that plaintiffs covenanted to deliver "a good and sufficient deed for the proper conveying and assuring of the premises". In our opinion, delivery of an unstamped deed is not a substantial compliance with the terms of the covenant.

Section 4 of the act provides:

"The payment of the tax imposed by this act shall be evidenced by the affixing of a documentary stamp or stamps to every document by the person *making, executing, issuing* or *delivering* such document."

Thus the act specifies that grantors shall affix the stamps. The parties may by agreement decide who shall pay the tax. However, inasmuch as grantors were bound by the terms of the agreement to make and deliver at their own cost and expense, a good and sufficient deed for the proper conveying and assuring

of the premises, we feel warranted in concluding that the covenant reasonably implied payment of the realty transfer tax by plaintiffs.

*Order*

And now, September 10, 1953, for the reasons set forth in the foregoing opinion, judgment is entered in favor of defendants and against plaintiffs.